GILBERT MFG. CO. v. POST & LESTER CO.

(District Court, D. Connecticut.   May 31, 1912.)

No. 1,340.

PATENTS (§ 328*)—INVENTION—SPARE TIRE HOLDER.
    The Bowers patent, No. 872,892, for a spare tire holder for automobiles, is void for lack of invention.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by the Gilbert Manufacturing Company against the Post & Lester Company. On final hearing. Decree for defendant.

Cyrus N. Anderson, of Philadelphia, Pa., for complainant.

Arthur L. Shipman and Heath Sutherland, both of Hartford, Conn., for defendant.

PLATT, District Judge. This matter was up on demurrer (189 Fed. 81), and I was unwilling on the face of the patent, with no aid except facts so thoroughly understood by everybody, and of such common and general knowledge, that the court was bound to entertain them as part of its judicial knowledge, to override the view which the Patent Office had taken as to the patentability of the claimed invention. The patent has since then been attacked upon about every conceivable ground, but I deem it unnecessary to waste time in discussing each separate defense.

The file wrapper and contents of the Bowers' patent in suit sheds a flood of light upon the doings in the Patent Office, and I am content to rest my decision upon my positive conviction that no claim was made in the office which warranted the issuance of the patent.

It is well to quote the sole claim on which the patent was granted:

"The herein described spare tire holder comprising a straight shank, two fingers projecting from one side thereof at substantially right angles thereto, a strap engaged with said fingers, a socket in which the inner end of the shank is longitudinally and rotatably adjustable, and means for securing said shank in the socket, substantially as described."

Now, a straight shank provided with two fingers projecting from one side at substantially right angles thereto, a strap engaged with said fingers in connection with a socket on which the inner end of the shank is adjustable longitudinally, was admitted by Bowers to be old during his controversy with the Patent Office. Nothing was added except that the shank should also be rotatively adjustable in the socket. The added element may or may not have been an idea which emanated from Bowers, but I am inclined to think that it was.

If the means which he used to make the rotative adjustment had been new, ingenious, and of great practical value over other known means, there might have been some merit in his claim of invention; but, as a matter of fact, the method which he employed was almost, if not quite, as old as the hills. It had been specifically pointed out in the Trepus and Shuster patents, and, without other contributions to the art, these patents plainly show that the means made use of were matters of public knowledge as long ago as 1891 and 1893. If the examiner in the Patent Office had seen these patents, it is not believed that he could have found invention in the added means of adjustment. The precise means of double adjustment, used by Bowers, appears in each of the patents, and nothing was left to form even a skeleton for inventive thought to hang upon.

The patent in suit is invalid, and the bill must be dismissed, with costs.